UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BIBI FRANCESCHELLI, on behalf of himself and all others similarly situated, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | **NOTICE OF REMOVAL** |
| DEUTSCHE LUFTHANSA AG, | ) ) ) | |
| Defendant. | ) | |

Defendant DEUTSCHE LUFTHANSA AG (hereinafter "Lufthansa"), by and through its attorneys, Swanson, Martin & Bell, LLP & Condon & Forsyth LLP, hereby removes this action to the United States District Court for the Eastern District of Missouri, Eastern Division pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 119 Stat. 4 (Feb. 18, 2005) (codified as amended in 28 U.S.C. § 1332(d) and 1453). In support of this Notice of Removal, Lufthansa states as follows:

1. On or about November 10, 2016, plaintiff Bibi Franceschelli commenced a putative class action against defendant Lufthansa by the filing of a Class Action Petition in the Twenty-First Judicial District Circuit Court, St. Louis County, Missouri with Index No. 16SL-CC04165. A copy of the Class Action Petition is attached hereto as Exhibit "A."

2. The Class Action Petition was served on Lufthansa's registered agent in East Meadow, New York pursuant to New York Business Corporations Law § 306 on November 23, 2016. This Notice of Removal is thus timely pursuant to 28 U.S.C § 1446(b).

3. No further proceedings have been had in this action.

4. Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Section 1441(a) applies to class actions. *See* 28 U.S.C. § 1453.

5. This Court has original jurisdiction over this putative class action pursuant to the provisions set forth in 28 U.S.C. § 1332(d)(2), which states that the Class Action Fairness Act ("CAFA") confers original federal jurisdiction over class actions that satisfy the following three factors: 1) there is diversity among the parties (*i.e.*, any class member and any defendant are citizens of different states); 2) the amount in controversy exceeds $5 million in the aggregate; and 3) there are at least 100 members in the class. *See Hargis v. Access Capital Funding LLC*, 674 F. 3d 783, 788 (8th Cir. 2012) (citing *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir.2010)); *City of O'Fallon, Missouri v. Centurylink, Inc.*, 930 F.Supp.2d 1035, 1039 (E.D.Mo. 2013). Because each of these three elements is satisfied according to plaintiff's allegations in the Class Action Petition, this Court has original and removal jurisdiction over this action.

6. A "class action" is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a). Plaintiff expressly alleges that the action is brought as a class action under Rule 52 of the Missouri Rules of Civil Procedure. *See* Exhibit A at ¶ 3. Plaintiff also alleges that the class consists of "hundred, if not thousands, of members [ . . . ]." (*Id.* ¶ 42.) Thus, although Lufthansa maintains that this case should not be certified as a class, plaintiff's allegations satisfy the class action numerosity requirement.

7. With respect to the diversity element, CAFA dictates that diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

§ 1332(d)(2)(A). Plaintiff alleges that she is a resident and citizen of St. Louis County, Missouri. *See* Exhibit A at ¶ 5. Lufthansa is a citizen of the Federal Republic of Germany, which is both its place of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of the place of its incorporation and principal place of business); *see also* Declaration of Lawrence E. Mullins attached hereto as Exhibit "B." Accordingly, minimal diversity is satisfied.

8. CAFA jurisdiction requires the amount in controversy to exceed "the sum or value of $5,000,000, exclusive of interest and costs" and expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(2); (d)(6). Plaintiff expressly alleges compensatory damages pursuant to Lufthansa's failure to compensate plaintiff and similarly situated passengers under Lufthansa's General Conditions of Carriage and European Union Regulation (EC) No 261/2004 ("EU 261" or the "Regulation"). *See* Exhibit "A" at ¶¶ 1, 28. EU 261 is a European Union regulation, which provides that passengers with reservations on flights to and from the European Union may be entitled to compensation up to 600€ (or $639.00) if their flights are cancelled and provided that other criteria are met (*e.g.*, the cancellation was not caused by an extraordinary circumstance). Since plaintiff seeks damages under EU 2621, her demand for damages is at least $639.00, the amount of compensation she would be entitled to under the Regulation. Taken in the aggregate for the putative class, which plaintiff alleges consists of "hundreds, if not thousands, of members" who traveled on Lufthansa flights since March 20, 2005 (*see* Exhibit A at ¶¶ 29, 32), the amount in controversy well exceeds the jurisdictional threshold, exclusive of interest and costs.

9. Because the requirements set forth in 28 U.S.C. 1332(d) are met here, Lufthansa is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1453(b),

which permits removal of any class action as defined by 28 U.S.C. § 1332(d)(1).

10. Alternatively, this Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331. Plaintiff alleges that this action arose from the delay of a flight from St. Louis, Missouri to Florence, Italy with a stopping point in Chicago, Illinois. *See* Exhibit "A" at ¶ 20. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of a treaty of the United States entitled Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada on May 18, 1999, reprinted in S. Treaty Doc. 106-45, CCH Av. L. Rep ¶ 27,400-59, 1999 WL 33292734 (1999) ("Montreal Convention"), and the rights of the parties herein are governed by the provisions of said Montreal Convention. *See* S. Treaty Doc. 106-45, CCH Av. L. Rep. ¶ 27,400-59, 1999 WL 33292734 (1999). Accordingly, the underlying action may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1331 in that the action arises under a treaty of the United States, the Montreal Convention.

11. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Eastern District of Missouri, Eastern Division, which is the district in which the action is pending.

12. Lufthansa will file this date a copy of the Notice of Removal with the Clerk of the Twenty-First Judicial District Circuit Court, St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

13. Lufthansa will this date give written notice of the filing of this Notice of Removal to plaintiff as required by 28 U.S.C. § 1446(d).

WHEREFORE, defendant DEUTSCHE LUFTHANSA AG prays that this action now pending in the Twenty-First Judicial District Circuit Court, St. Louis County, Missouri, be

removed therefrom to this Court pursuant to 28 U.S.C. §§ 1441 and 1453(b).

Dated: St. Louis, Missouri
December 21, 2016

SWANSON, MARTIN & BELL, LLP

800 Market Street, Suite 2100
St. Louis, Missouri 63101
Telephone: 314-241-7100
Facsimile: 314-241-7106

By *Marcie Vantine*
Marcie Vantine, Missouri Bar number 56860

-and-

CONDON & FORSYTH LLP
Anthony U. Battista, Esq.
Erika Maurice, Esq.
7 Times Square, 18th Floor
New York, New York 10036
(212) 490-9100

*Attorneys for Defendant*
DEUTSCHE LUFTHANSA AG

TO:   THE ONDER LAW FIRM
Martin L. Daesch, Esq.
Jesse B. Rochman, Esq.
110 E. Lockwood Avenue
St. Louis, Missouri 63119
Telephone: (314) 963-9000
Facsimile: (314) 963-1700

*Counsel for the Plaintiff and the Proposed Class*

5